**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Victor Rael**, <br><br> Plaintiff, <br><br> vs. <br><br> **Commercial AV Services LLC**, an Arizona Limited Liability Company, **Thomas Cassille and Jane Doe Cassille**, a married couple, <br><br> Defendants. | No. <br><br> **FLSA COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Victor Rael ("Plaintiff" or "Victor Rael"), individually, and on behalf of all other persons similarly situated, alleges as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action on behalf of himself and all similarly-situated current and former 1099 Installers[1] of Defendants Commercial AV Services LLC and Thomas Cassille and Jane Doe Cassille ("Defendants") who were compensated at a

---
[1]      For the purposes of this Complaint, "1099 Installers" is exclusively a title used for the purpose of classifying the putative class of similarly situated individuals in this collective action lawsuit and is not necessarily the job title given to the Plaintiff and putative class by Defendants in their work for Defendants.

straight-time hourly rate for all hours worked, regardless of whether those hours exceeded 40 in any given workweek.

2.     Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

3.     Plaintiff brings a collective action under the FLSA to recover the unpaid overtime owed to him individually and on behalf of all other similarly-situated employees, current and former, of Defendants.  Members of the Collective Action are referred to as the "Collective Members."

4.     The Collective Members are all current and former 1099 Installers who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

5.     This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

6.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees an overtime premium for all time spent working in excess of 40 hours per week.

7.     Defendants engaged in the regular policy and practice of misclassifying their 1099 Installers as independent contractors rather than employees.  Specifically, Defendants subjected Plaintiff and the Collective Members to their policy and practice of misclassifying their 1099 Installers, who were employees, as independent contractors and

then failing and/or refusing to pay them overtime for time they worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a).

8.     Therefore, Defendants did not pay Plaintiff or the Collective Members the applicable overtime rate, in violation of 29 U.S.C. § 207.

## JURISDICTION AND VENUE

9.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

12.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

13.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

14.     At all material times, Plaintiff was a full-time, non-exempt employee of Defendants from approximately June 2017 through approximately June 2018.

15.     Throughout Plaintiff's entire employment, he was paid an hourly rate of $18.00.

16.     Throughout Plaintiff's entire employment, he was paid an hourly rate of $18.00, which Defendants determined in their sole discretion.

17.     At all material times, Plaintiff was employed by Defendants but classified and paid as an independent contractor.  Defendants employed Plaintiff to perform various manual labor-based duties, which generally consisted of, but was not limited to, installation and repair of satellite dish television receivers.

18.     At all material times, Plaintiff was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

19.     Plaintiff has given his written consent to be a party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

20.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated who are current or former 1099 Installers of Defendants, including but not limited to 1099 Installers who agree in writing to join this action seeking recovery under the FLSA.

21.     Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated current and former employees of Defendants–specifically, 1099

Installers who were not paid overtime for time worked in excess of 40 hours in any given workweek and whose wages, therefore, were non-compliant with the FLSA.

22.     Defendant Commercial AV Services LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

23.     At all relevant times, Defendants owned and operated as Commercial AV Services LLC, an audio/video and satellite installation and repair company in Phoenix, Maricopa County, Arizona.

24.     Defendants maintain offices in Phoenix, Arizona; Tucson, Arizona; and, upon information and belief, Utah and Colorado.

25.     Defendants employ 1099 Installers in Phoenix, Arizona; Tucson, Arizona; and Utah and Colorado.

26.     Defendants' 1099 Installers perform identical or substantially similar job duties at all of their locations.

27.     At all relevant times throughout Plaintiff's and the Collective Members' employment, Commercial AV Services LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Commercial AV Services LLC.

28.     Defendants Thomas Cassile and Jane Doe Cassile have caused events to take place giving rise to the claims in this Complaint.  Thomas Cassile and Jane Doe

Cassile are owners of Commercial AV Services LLC and were at all relevant times Plaintiff's and the Collective Members' employer as defined by the FLSA, 29 U.S.C. § 203(d).

29.    Under the FLSA, Defendants Thomas Cassile and Jane Doe Cassile are employers.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Thomas Cassile and Jane Doe Cassile are owners of Commercial AV Services LLC.

30.    At all relevant times throughout Plaintiff's and the Collective Members' employment, Thomas Cassile and Jane Doe Cassile had the authority to hire and fire employees.

31.    At all relevant times throughout Plaintiff's and the Collective Members' employment, Thomas Cassile and Jane Doe Cassile supervised and controlled work Plaintiff's and the Collective Members' schedules or the conditions of their employment.

32.     At all relevant times throughout Plaintiff's and the Collective Members' employment, Thomas Cassile and Jane Doe Cassile determined the rate and method of Plaintiff's and the Collective Members' payment.

33.    At all relevant times throughout Plaintiff's and the Collective Members' employment, Thomas Cassile and Jane Doe Cassile maintained employment records in connection with Plaintiff's and the Collective Members' employment with Commercial AV Services LLC.

34.     As persons who acted in the interest Commercial AV Services LLC in relation to the company's employees, Thomas Cassille and Jane Doe Cassile are subject to individual liability under the FLSA.

35.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants gave consent to, ratified, and authorized the acts of all other Defendants, as alleged in this Complaint.

36.     At all relevant times, Defendants conducted business in Maricopa County, Arizona.

37.     Defendants, and each of them, are sued in both their individual and corporate capacities.

38.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff and the Collective Members.

39.     At all relevant times, Plaintiff and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

40.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

41.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

42.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' work and wages at all relevant times.

43.     At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

44.     At all relevant times, Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

45.     At all relevant times, all Defendants were joint employers of Plaintiff and the Collective Members.  At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff and the Collective Members; and (2) Defendants were under common control.  In any event, at all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b) and employed Plaintiff and the Collective Members.

## FACTUAL ALLEGATIONS

46.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

47.     Defendants own and/or operate as Commercial AV Services LLC, an enterprise located in Maricopa County, Arizona.

48.     On approximately June 1, 2016, Plaintiff began employment with Defendants as a 1099 Installers, performing various manual labor-based duties, which generally consisted of, but was not limited to, installation and repair of satellite dish television receivers.

49.     Rather than classify their 1099 Installers as employees, Defendants classified them as independent contractors.

585ece9569795579

50.     Defendants misclassified all of their 1099 Installers, including Plaintiff and the Collective Members, as independent contractors.

51.     Despite Defendants having misclassified all of their 1099 Installers, including Plaintiff and the Collective Members, as independent contractors, Plaintiff and the Collective Members were actually employees, as defined by the FLSA, 29 U.S.C. § 201 et seq.

52.     All of Defendants' 1099 Installers, including Plaintiff and the Collective Members, in their work for Defendants, used Defendants' equipment and wore company uniforms.

53.     Defendants controlled their 1099 Installers schedules, including those of Plaintiff and the Collective Members.

54.     At all relevant times, Plaintiff and the Collective Members were economically dependent on Defendants.

55.     The following further demonstrate that their 1099 Installers, including Plaintiff and the Collective Members, were employees:

       a.     Defendants had the exclusive right to hire and fire their 1099 Installers, including Plaintiff and the Collective Members;

       b.     Defendants made the decision not to pay overtime to their 1099 Installers, including Plaintiff and the Collective Members;

       c.     Defendants supervised their 1099 Installers, including Plaintiff and the Collective Members, and subjected them to Defendants' rules;

d.    Defendants' 1099 Installers, including Plaintiff and the Collective Members, had no financial investment with Defendants' business;

e.    Defendants' 1099 Installers, including Plaintiff and the Collective Members, had no opportunity for profit or loss in the business;

f.    The services rendered by Defendants' 1099 Installers, including Plaintiff and the Collective Members, in their work for Defendants was integral to Defendants' business;

g.    Defendants' 1099 Installers, including Plaintiff and the Collective Members, were hired as permanent employees, working for Defendants for continuous unspecified amounts of time.

h.    Defendants' 1099 Installers, including Plaintiff and the Collective Members, had no right to refuse work assigned to them by Defendants.

56.    At all relevant times, Defendants did not pay Plaintiff or the Collective Members one and one half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek.

57.    Defendants classified their 1099 Installers, including Plaintiff and the Collective Members, as independent contractors to avoid Defendants' obligation to pay their 1099 Installers, including Plaintiff and the Collective Members, one and one half time their regular rates of pay for all hours worked in excess of 40 hours per week.

58.    Plaintiff and the Collective Members were non-exempt employees.

59.     From the beginning of Plaintiff's and the Collective Members' employment through the present day, Defendants failed to properly compensate Plaintiff or the Collective for any of their overtime hours.  During this time, Plaintiff and the Collective Members worked between approximately fifty (50) and seventy (70) hours per week.

60.     In their work for Defendants, Plaintiff and the Collective Members were generally paid fixed hourly rates.

61.     In their work for Defendants, Plaintiff and the Collective Members were not managers.

62.     In their work for Defendants, Plaintiff and the Collective Members did not have supervisory authority over any employees.

63.     In their work for Defendants, Plaintiff and the Collective Members did not possess the authority to hire or fire employees.

64.     In their work for Defendants, Plaintiff and the Collective Members did not possess authority to make critical job decisions with respect to any of Defendants' employees.

65.     In their work for Defendants, Plaintiff and the Collective Members did not direct the work of two or more employees.

66.     In their work for Defendants, Plaintiff and the Collective Members did not exercise discretion and independent judgment with respect to matters of significance.

67.     In their work for Defendants, Plaintiff's and the Collective Members' primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise.

68.     From the beginning of Plaintiff's and the Collective Members' employment through the present day, Defendants failed to properly compensate them for any of their overtime hours.

69.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members during the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's and the Collective Members' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

70.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

71.     Therefore, in a given workweek, and during each and every workweek of Plaintiff's and the Collective Members' employment with Defendants, Plaintiff and the Collective Members were subject to Defendants' policy and practice of not paying one and one half times Plaintiff's and the Collective Members' regular rates of pay.

72.     In a given workweek, and during each and every workweek of Plaintiff's and the Collective Members' employment with Defendants, Plaintiff and the Collective Members worked more than 40 hours but were not paid the applicable one and one half times Plaintiff's and the Collective Members' regular rates of pay for time they spent working in excess of 40 hours.

73.     Plaintiff believes and therefore claims that Defendants subjected each and every 1099 Installers that they employed, including Plaintiff and the Collective Members,

to its policy and specific course of not paying one and one half times Plaintiff's and the Collective Members' regular rates of pay.

74.     Plaintiff and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

75.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

76.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and Collective Members' work and wages at all relevant times.

77.     Due to Defendants' illegal wage practices, Plaintiff and the Collective Members are entitled to recover from Defendants compensation for unpaid overtime wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COLLECTIVE ACTION ALLEGATIONS

78.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on their own behalves and as representatives of individuals similarly situated who are current or former 1099 Installers of Defendants.

80.     At all times material, Defendants paid Plaintiff and the Collective Members at flat weekly or fixed hourly rates.

81.     Defendants subjected all of their 1099 Installers, including Plaintiff and the Collective Members, to their policy and practice of misclassifying their 1099 Installers, who were actually employees, as independent contractors.

82.     Defendants subjected all of their 1099 Installers, including Plaintiff and the Collective Members, to their policy and practice of not paying their 1099 Installers one and one half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

83.     At all times material, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiff and the Collective Members to their policy and practice of not paying their 1099 Installers one and one half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

84.     Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members.  This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

85.     Plaintiff and the Collective Members were each compensated on an hourly basis for the duration of their employment with Defendants.

86.     The Collective Members perform or have performed the same or similar work as Plaintiff.

-14-

87.     Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Plaintiff or the Collective Members.

88.     While Plaintiff has described Plaintiff's and the Collective Members' job titles as 1099 Installers, the specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

89.     All Collective Members, irrespective of their particular job requirements and job titles, are entitled to proper overtime wage compensation for all hours worked in excess of 40 in a given workweek.

90.     Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by simple formulas.  The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

91.     As such, Plaintiffs bring their FLSA overtime wage claim as a collective action on behalf of the following class:

> **The FLSA Collective Members are all of Defendants' current and former 1099 Installers who were not paid one and one half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek, starting <u>three years before this lawsuit was filed up to the present.</u>**

92.     Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to Defendants' corporate policy or practice of minimizing labor

costs by refusing and/or failing to properly compensate its employees according to the FLSA.

93.     Defendants are aware or should have been aware that federal law prohibited them from not paying their 1099 Installers–namely, Plaintiff and the Collective Members–an overtime premium wage for time spent working in excess of 40 hours per given workweek.

94.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

95.     This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

96.     Upon information and belief, the individuals similarly situated to Plaintiff include more than twenty-five (25) employees currently and/or formerly employed by Defendants, and Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession, custody, or control, but it can be readily ascertained from their employment records and the records of Defendants' payroll processor.

97.     Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendants, via email at the last known email address known to Defendants, and by text message to the last known telephone number known to Defendants.

## **DAMAGES**

98.    Plaintiff realleges and incorporatse by reference all allegations in all preceding paragraphs.

99.    Plaintiff and the Collective Members are entitled to recover overtime compensation for the hours they worked in excess of 40 per given workweek for which they were not paid at the federally mandated one and one half times their regular rates of pay.

100.    Plaintiff and the Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

101.    Plaintiff and the Collective Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME

102.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

103.    At all relevant times, Defendants engaged in the regular policy and practice of classifying their 1099 Installers, including Plaintiff and the Collective Members, as independent contractors when they were in reality employees as defined by the FLSA.

104.    At all relevant times, Defendants did not pay Plaintiff or the Collective Members one and one half times their regular rates of pay for time spent working in excess of 40 hours in a given workweek.

105.    Defendants classified their 1099 Installers, including Plaintiff and the Collective Members, as independent contractors.

106.     Defendant classified Plaintiff and the Collective Members as 1099 Installers to avoid Defendants' obligation to pay their 1099 Installers, including Plaintiff and the Collective Members, one and one half time their regular rates of pay for all hours worked in excess of 40 hours per week.

107.     Defendants engaged in such conduct in direct violation of 29 U.S.C. § 207(a).

108.     As such, unpaid overtime wages for such time Plaintiff and the Collective Members worked in excess of 40 hours per given workweek is owed to Plaintiff and the Collective Members for the entire time they were employed by Defendants.

109.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's and the Collective Members' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

110.     Plaintiff and the Collective Members are therefore entitled to compensation for their unpaid overtime wages at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, Victor Rael, individually, and on behalf of all other similarly situated persons, request that this Court grant the following relief in Plaintiffs' and the Collective Members' favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one or more of the following acts:

      i.     violated  overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

      ii.     willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B.     For the Court to award damages in the amounts of all unpaid overtime compensation due and owing to Plaintiff and the Collective Members for time they spent working in excess of 40 hours per given workweek;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.     For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

F.     For the Court to provide reasonable incentive awards for the Named Plaintiff to compensate him for the time he spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

G.     Such other relief as this Court deems just and proper.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**REQUEST FOR COLLECTIVE ACTION CERTIFICATION**

As to Count I of this Complaint, Plaintiff requests that the Court designate this action as a collective action on behalf of the FLSA Collective Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue Forms pursuant to 29 U.S.C. § 216(b).

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 11th day of July, 2018.

THE BENDAU LAW FIRM, PLLC

By: s/ Clifford P. Bendau, II
Clifford P. Bendau, II (No. 030204)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
*Attorney for Plaintiff*